UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER M.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:23-CV-1771-DWC

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI").[1] The parties agree the Administrative Law Judge ("ALJ") committed reversible error and this matter should be remanded. The parties dispute whether this matter should be remanded for an award of benefits or for further administrative proceedings. After consideration the record, the Court finds there are outstanding issues that must be resolved. Accordingly, this matter is reversed and

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION - 1

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security for further administrative proceedings.

I.     **Factual and Procedural History**

On February 14, 2018, Plaintiff filed an application for SSI, alleging disability beginning January 20, 2018. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. After holding an administrative hearing, ALJ Glenn Meyers issued a decision on November 6, 2019 finding Plaintiff not disabled. *See* AR 15-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff appealed to the United States District Court for the Western District of Washington ("District Court"); the District Court remanded the case to the Commissioner for further proceedings. AR 641-53; *see also Jennifer M. v. Commissioner of Social Security*, 2:20-1704-DWC (W.D. Wash. July 27, 2021). On remand from the District Court, the Appeals Council vacated the November 2019 decision and remanded the case to ALJ Meyers for further proceedings. *See* AR 638. ALJ Meyers held an additional administrative hearing and, on August 9, 2023, issued a decision finding Plaintiff not disabled. *See* AR 555-72. Plaintiff now appeals ALJ Meyer's August 2023 decision, which is the final decision of the Commissioner.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly evaluating Plaintiff's testimony; and (2) failing to support the Step Five findings with substantial evidence. Dkt. 10.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. Discussion

Plaintiff and Defendant agree the ALJ committed reversible error. Dkts. 10, 14, 15. However, Defendant asserts the ALJ did not err in his consideration of Plaintiff's subjective symptom testimony. Dkt. 14. Rather, the ALJ only erred in his consideration of Step Five. *Id*. Defendant requests this matter be remanded to the Commissioner for further administrative proceedings. *Id*. Plaintiff argues this matter should be remanded for an immediate award of benefits. Dkts. 10, 15.[2]

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

---

[2] Defendant asserts the ALJ did not commit harmful error in his consideration of Plaintiff's subjective symptom testimony. Dkt. 14. As this matter must be remanded due to the ALJ's error at Step Five, the Court declines to determine whether the ALJ erred in his consideration of Plaintiff's testimony. Rather, as discussed below, the Court finds this matter should be remanded for further proceedings and, therefore, on remand, the ALJ shall take additional testimony and evidence from Plaintiff and issue a new decision.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION - 3

1   (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

In this case, Plaintiff has failed to satisfy prongs 2 and 3 of the credit-as-true test. There are outstanding issues that must be resolved before a disability determination can be made and the Court cannot determine Plaintiff is disabled based on the record. For example, Plaintiff argues that the ALJ rejected her testimony that she would need to have an American Sign Language ("ASL") interpreter or be able to rely on written communications to communicate in a work environment. Dkt. 10.

In the residual functional capacity ("RFC") assessment, the ALJ did not limit Plaintiff to work that could be performed with an ASL interpreter or by communicating in writing only. *See* AR 561. In discussing her subjective symptom testimony, the ALJ noted that Plaintiff did not state she required an ASL interpreter to perform her previous jobs. AR 563-64.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION - 4

When testifying, Plaintiff stated that she quit her job in a pharmacy because her supervisor wanted her to work more, train new employees, and "float pharmacies." AR 53. Plaintiff testified that she was very fast on the computer and good at insurance claims. AR 54. She said she would now be unable to perform a job that only had paperwork and administrative functions because of her post-traumatic stress disorder ("PTSD"), not because of her inability to communicate. *See* AR 54. Plaintiff had two jobs in marijuana processing plants. AR 56. She stopped working at the first job because the business closed; she was fired from the second because of her PTSD. AR 55-56, 383. Plaintiff reported "her favorite job was in Seattle at the marijuana processing plant because it was quiet and had few people around." AR 383. She also testified that her inability to work was related to her PTSD, not with her communication difficulties. *See e.g.*, AR 58.

Based on the record citations provided by Plaintiff, Plaintiff has not definitively shown that the record reflects Plaintiff cannot communicate in the work environment without an ASL interpreter or the ability to rely on written communications. *See* Dkt. 10. Rather, Plaintiff has provided evidence that she uses an interpreter or communicates in writing, but not that she cannot work without an interpreter or an option to communicate in only writing. Thus, it is not clear Plaintiff would be found disabled if her testimony was credited as true. *See Adams v. Astrue*, 2011 WL 1833015, at *7 (N.D. Cal. May 13, 2011) (finding remand to the Commissioner particularly appropriate because a court should not substitute its opinion for the ALJ, who is in a better position to gauge credibility and resolve conflicts in evidence).

The parties also agree the ALJ committed harmful error when the ALJ failed to resolve the conflict between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"). Dkts. 14, 15. It is the roll of the ALJ to resolve conflicts between

the VE's testimony and the DOT. Plaintiff asserts that the VE did not provide a sufficient explanation for the conflicts between the VE's testimony and the DOT. Dkt. 10 at 11. As the VE did not provide adequate testimony, the Court finds the conflict should be resolved by the ALJ before a disability determination is made. *See Massachi v. Astrue*, 486 F.3d 1149, 1153-54, n.19 (9th Cir. 2007) (vacating-in-part with instructions to remand where "we have an apparent conflict with no basis for the vocational expert's deviation").

In summation, in light of evidence in the record, the Court is unable to determine that Plaintiff would be entitled to benefits as a matter of law. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1101-04 (9th Cir. 2014). Therefore, remand to the Commissioner for further administrative proceedings is appropriate in this case.

### IV.   Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 10th day of July, 2024.

David W. Christel
United States Magistrate Judge